**FILED**

MAR 25 2014

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| LORIE SEEKING LAND, | * | CIV 13-3024-RAL |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | OPINION AND ORDER |
| | * | DENYING AND DISMISSING |
| UNITED STATES OF AMERICA, | * | § 2255 MOTION |
| | * | |
| Defendant. | * | |

Lorie Seeking Land filed a motion to vacate, set aside, or correct sentence by a person in federal custody under 28 U.S.C. § 2255 in this case. CIV Doc. 1.[1] Seeking Land was convicted after a jury trial on one count of conspiracy to distribute methamphetamine and two separate counts of distribution of methamphetamine. CR Doc. 133.[2] Seeking Land received a sentence of 120 months on Count 1, and 87 months on Counts 2 and 3, with those months to be served concurrently with the sentence on Count 1, together with supervised release and a special assessment. CR Doc. 143.

Seeking Land appealed to the United States Court of Appeals for the Eighth Circuit, which affirmed through an opinion filed June 22, 2012. CIV Doc. 1 at 2-3; United States v. Seeking Land, 468 F. App'x 647, 647-48 (8th Cir. 2012) (per curiam). Seeking Land did not file a petition for writ of certiorari with the United States Supreme Court. Section 2255(f) provides that a one-year period of limitation applies to § 2255 motions, with the limitation period running

---

[1] All pleadings from the present case of Lorie Seeking Land v. United States of America, CIV 13-3024-RAL, will be referred to by CIV followed by the document number in the Case Management/Electronic Case Filing (CM/ECF) system.

[2] This Court uses "CR" followed by the document number to refer to documents in the CM/ECF system in the underlying case of United States of America v. Seeking Land, CR 10-30053-01-RAL.

from "the date on which the judgment of conviction becomes final." "[F]or federal criminal defendants who do not file a petition for certiorari . . . , § 2255's one-year limitation period starts to run when the time for seeking such review expires." Clay v. United States, 537 U.S. 522, 532 (2003). Petitions for certiorari to the Supreme Court must be filed within ninety days of the entry of judgment by the United States Circuit Court of Appeals. See United States v. Martin, 408 F.3d 1089, 1090 (8th Cir. 2005) (citing Sup. Ct. R. 13.1). Seeking Land's conviction became "final" for § 2255 purposes on September 20, 2012, which was ninety days after the Eighth Circuit entered its judgment. Id. Her one-year deadline for filing her § 2255 motion was September 22, 2013. Her petition was timely filed on July 15, 2013.

Seeking Land's § 2255 motion, however, is subject to dismissal upon initial screening. Under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court is to conduct a preliminary review of Seeking Land's motion. Under Rule 4:

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Seeking Land lists three grounds in her § 2255 motion: 1) "Petitioner's rights were violated as Petitioner was unconstitutionally coerced by a paid informant to distribute Methamphetamine[;]" 2) "Petitioner's Confrontation Clause Rights was [sic] violated when Benjamin K. Estes was not among the list of witnesses Petitioner could examine[;]" and 3) "Petitioner's Due Process Rights were violated by the false and material evidence that was admitted at her trial." CIV Doc. 1. Seeking Land filed a memorandum with her motion, CIV Doc. 2, which makes clear that Seeking Land is not claiming ineffective assistance of counsel. Rather, the thrust of Seeking Land's motion is related to contentions she makes against a member

of the Rosebud Sioux Tribe police department named Benjamin K. Estes (Officer Estes), with whom she allegedly had an abusive relationship some number of years ago. CIV Doc. 2 at 3-6; CIV Doc. 2-2. Seeking Land filed an affidavit detailing accusations against Officer Estes and her belief that Officer Estes had something to do with her methamphetamine distribution conviction. CIV Doc. 2-2.

Officer Estes was not a trial witness and had limited involvement in the circumstances surrounding Seeking Land's conviction. Indeed, Officer Estes's name was raised only in passing during the jury trial. See e.g., CR Doc. 149 at 32-33, 36-37, 49, 58, 60, 64-65, 74-75, 140, 193. Officer Estes, who is part of a drug task force in South Dakota, advised Special Agent Matt Mohr of the Federal Bureau of Investigation that Officer Estes was working with an informant whose initials are T.S. CR Doc. 149 at 36-37. Special Agent Mohr then met with T.S. T.S. raised Seeking Land's name as a methamphetamine source on the Crow Creek Indian Reservation, although T.S. had never previously purchased methamphetamine from Seeking Land. CR Doc. 149 at 36-37.

T.S. then conducted two controlled buys from Seeking Land, one on November 24, 2009, and one on January 14, 2010. CR Doc. 149 at 30-37, 43-44, 48, 50, 69. Special Agent Mohr and Special Agent Jeff Metzinger of the South Dakota Division of Criminal Investigation primarily handled those controlled buys. CR Doc. 149 at 23, 43, 50, 140. Those two controlled buys formed the basis for the convictions of Seeking Land on Counts 2 and 3.

T.S. had approached Seeking Land about buying methamphetamine prior to the first controlled buy, but Seeking Land did not have any available at that time. CR Doc. 149 at 36-37. On November 23, 2009, Seeking Land told T.S. that "stuff was coming in." CR Doc. 149 at 43. On the morning of November 24, 2009, T.S. met with Special Agent Mohr, who searched T.S.'s

3

car and T.S. to make sure that he was clean of drugs. CR Doc. 149 at 44. Special Agent Mohr provided T.S. with $300.00. CR Doc. 149 at 44. T.S., while wearing a wire, recorded the transaction where he bought methamphetamine from Seeking Land. CR Doc. 149 at 44. T.S. then gave the methamphetamine to Special Agent Mohr. CR Doc. 149 at 44. Officer Estes marked the evidence from this controlled buy. CR Doc. 149 at 49. That methamphetamine later was tested and revealed to be a weight of .40 grams net weight with 25.8 percent purity of methamphetamine. CR Doc. 149 at 152.

T.S. conducted a second controlled buy of methamphetamine from Seeking Land on January 14, 2010. CR Doc. 149 at 140-41. The procedure followed was the same, this time with Special Agent Metzinger working with T.S. T.S.'s car was searched, and Officer Estes searched T.S. CR Doc. 149 at 141. T.S. wore a wire and recorded his interchange with Seeking Land whereby he bought methamphetamine. CR Doc. 149 at 140-41. T.S. then provided the methamphetamine to Special Agent Metzinger immediately after the purchase. CR Doc. 149 at 141. That methamphetamine was tested and found to be .52 grams net weight with a purity of 40.7 percent of methamphetamine. CR Doc. 149 at 152-52.

Seeking Land's conviction on Count 1 for conspiracy to distribute methamphetamine likewise did not turn on anything about Officer Estes or her past relationship with Officer Estes. Rather, Seeking Land's co-conspirators, including her own brother, testified about her involvement in the conspiracy to distribute methamphetamine in the area of Fort Thompson, South Dakota. CR Doc. 149 at 101. Co-conspirator Christopher Spider testified that he made three trips to Sioux Falls to acquire various "8-balls" of methamphetamine for Seeking Land's brother. CR Doc. 149 at 82-86. Spider delivered the methamphetamine on one occasion to Seeking Land and on occasion met with Seeking Land's brother at Seeking Land's home. CR

4

Doc. 149 at 82-86. Spider observed Seeking Land selling methamphetamine to others and witnessed Seeking Land purchasing methamphetamine as well. CR Doc. 149 at 82-88. According to Spider, because Seeking Land's brother was on supervised release as a result of a previous drug conviction, Seeking Land acted as the main seller of the methamphetamine that Spider brought to Seeking Land's brother. CR Doc. 149 at 87-88, 104.

Seeking Land's brother testified to how after being released from prison, he got back into distributing methamphetamine in the Fort Thompson area. CR Doc. 149 at 97-98. Seeking Land's brother said that he gave methamphetamine to Spider, Seeking Land, and Seeking Land's boyfriend to use and sell. CR Doc. 149 at 100-01. Seeking Land's brother described how people came to Seeking Land's home to buy methamphetamine, how Seeking Land would weigh the packages and how Seeking Land and her boyfriend would both sell and use methamphetamine. CR Doc. 149 at 103-05.

Pedro St. John testified that he sold methamphetamine to Seeking Land on four to six occasions, sometimes "fronting" the methamphetamine for her to pay later when she sold some of the drugs. CR Doc. 149 at 162-63. On other occasions, Seeking Land had methamphetamine when St. John did not. CR Doc. 149 at 162-64. St. John obtained methamphetamine from Seeking Land on five to ten occasions for him to use and sell. CR Doc. 149 at 162-64.

Seeking Land's defense was that others were lying about her methamphetamine distribution to obtain sentence reductions. Seeking Land's testimony, together with that of her mother, in essence was that T.S. threatened and harassed her about buying methamphetamine and that, although Seeking Land was a user of methamphetamine, she did not sell it. CR Doc. 149 at 183-91. However, during interviews with law enforcement, Seeking Land never previously had asserted that T.S. harassed or threatened her in his effort to purchase methamphetamine from

Seeking Land. CR Doc. 149 at 192, 195-97. Seeking Land's credibility came under attack as she

testified inconsistently on the stand about whether she had received methamphetamine from her

brother and as information came in about previous instances where she had distributed drugs.

CR Doc. 149 at 194-95.

Seeking Land did not subpoena or call Officer Estes as a witness, as she could have done.

Officer Estes did not testify at trial. Seeking Land's Confrontation Clause and Due Process rights

were not violated through Officer Estes not being a witness.

The United States Court of Appeals for the Eighth Circuit has affirmed Seeking Land's

conviction. Seeking Land, 468 F. App'x at 467-68. None of the grounds that Seeking Land

asserts in her § 2255 motion are meritorious. Seeking Land is not entitled to an evidentiary

hearing because "the motion and the files and the records of the case conclusively show that [she]

is entitled to no relief." Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008)

(quoting United States v. Ledezma-Rodriguez, 423 F.3d 830, 835-36 (8th Cir. 2005)); see also

Schmidt v. United States, No. CIV 13-3013-RAL, 2014 WL 692920, at *3 (D.S.D. Feb. 21,

2014). Further, "[n]o hearing is required where the claim 'is inadequate on its face or if the

record affirmatively refutes the factual assertions upon which it is based.'" Watson v. United

States, 493 F.3d 960, 963 (8th Cir. 2007) (quoting Shaw v. United States, 24 F.3d 1040, 1043

(8th Cir. 1994)). Because the record convincingly shows that Seeking Land is not entitled to

relief, an evidentiary hearing is not necessary. See Big Eagle v. United States, No. CIV

13-3015-RAL, 2014 WL 234735, *8 (D.S.D. Jan. 22, 2014).

This Court does not know what went on between Seeking Land and Officer Estes years

ago. However, Officer Estes was not involved in setting up the methamphetamine conspiracy

into which Seeking Land entered. Officer Estes was involved in the confidential informant T.S.

6

being introduced to Special Agent Mohr, but had limited involvement in the controlled buys T.S. conducted in working with Special Agent Mohr and Special Agent Metzinger. Under the circumstances, Seeking Land's § 2255 motion does not survive preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Therefore, for good cause, it is hereby

ORDERED that the motion to vacate, set aside, or correct sentence by a person in federal custody, CIV Doc. 1, is denied. It is further

ORDERED that no certificate of appealability issue under Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. It is finally

ORDERED, ADJUDGED AND DECREED that judgment of dismissal enter dismissing the motion and this case.

Dated March 25ᵗʰ, 2014

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE